## SUPREME COURT.

POTTER & MARKHAM, appellants, agt. R. CARPENTER & Co., respondents.

*Costs — Disbursements — What printing fees are taxable as a disbursement in the court of appeals, where the cases are printed for both courts at the same time.*

*It seems,* that it is not the *usual expense* of printing cases that may be taxed by the prevailing party but the *actual* price paid. (*This seems to be adverse to Consalus* agt. *Brotherson,* 54 *How.,* 62.)

Where the appellants, on appeal to the general term, printed thirty copies of case, ten copies for general term, and after affirmance at general term printed six additional pages and added to the twenty copies first printed for the court of appeals:

*Held,* that the appellants were not entitled to charge for printing the whole case in court of appeals but only for printing the additional pages and the expense of printing the twenty additional copies more than was required for the general term.

*Third Department, General Term, November,* 1877.

*Before* LEARNED, *P. J.,* BOCKES *and* BOARDMAN, *JJ.*

THIS action was tried before a referee who reported in favor of the defendants for a balance against the plaintiffs.

On appeal the case was affirmed at the general term, third department.

The case contained 108 printed pages and the appellants, in the first instance, printed ten copies for the general term and twenty for the court of appeals and paid therefor one dollar and fifty cents a page for the thirty copies.

After the affirmance at the general term the appellants printed the judgment in that court with the notice of appeal and opinion, making six additional pages, which were added

to the twenty copies first printed for the court of appeals, making 114 pages.

The court of appeals reversed the judgment of the general term, with the costs of that appeal to be paid to the plaintiffs, and sent the case back to the referee to make additional findings.

Upon taxation of the costs the plaintiffs claimed to recover for printing in the court of appeals, for printing the whole case at one dollar and twenty-five cents a page, being the usual price paid in Troy for twenty copies.

The defendants objected and the clerk of Rensselaer county allowed only twenty-two dollars, being nine dollars for printing the six additional pages and thirteen dollars for the expense of printing the twenty additional copies, more than it would have cost to print the ten copies for the general term.

On appeal to the special term judge INGALLS affirmed the costs as taxed by the clerk.

The plaintiffs appealed to the general term where it was argued November, 1877, by

*E. F. Bullard*, for plaintiffs. He claimed, first, that the plaintiffs were entitled to the *usual expense* of printing without regard to the price paid and whether it was ever paid; that was a question between the party and the printer and cited the decision of the same court made at general term (*Consalus* agt. *Brotherson*, 54 *How.*, 62). He contended the court should adopt but one rule in like cases; second, that at all events the costs should be divided, *pro rata*, between the two courts, which would apply two-thirds to the costs of printing in the court of appeals.

*Esek Cowen*, *contra*, contended that the plaintiffs were compelled to print the ten copies for the general term and he should only be allowed what it would cost for the twenty copies, as extra copies, being the six dollars allowed.

The general term affirmed the order of the special term, with ten dollars costs.