(Supreme Court, Special Term, New York County.   May, 1911.)

COSTS (§ 256*)—DISBURSEMENTS—RETAXATION ON APPEAL—STATUTORY PROVI-
SIONS.

Under Code Civ. Proc. § 3267, providing that an item of disbursements
in a bill of costs cannot be allowed, unless necessarily incurred, where
appellants, upon appeal to the Appellate Division, procured extra copies
of the record to be printed in excess of the number required for the Ap-
pellate Division, in anticipation of possible appeal to the Court of Ap-
peals, amounting to $31.20, and when the appeal was finally taken an
additional cost of $6.45 was incurred for printing, and the sum taxed at
$178.05 represents what it would have cost to print the record for use in
the Court of Appeals, if used there specially by itself, a motion to reduce
the taxation on appeal to the Court of Appeals to $37.65 should be
granted.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 968–971;  Dec. Dig.
§ 256.*]

In the matter of the voluntary dissolution of the Rateau Sales Com-
pany.   On motion for retaxation of costs.   Motion granted.

See, also, 141 App. Div. 931, 126 N. Y. Supp. 1143.

Charles A. Frueauff (Watson B. Robinson, of counsel), for the mo-
tion.

Wilcox & Brodek (Charles A. Brodek, of counsel), opposed.

GIEGERICH, J.   The objectors in this proceeding, upon the taxa-
tion of their costs on an appeal to the Court of Appeals, have included
as a disbursement an item of $178.05 for printing the record.   The
petitioners move to reduce the item to $37.65.

It was shown by the papers before the clerk upon the taxation, and
is conceded, that upon the appeal to the Appellate Division, from which
court the appeal to the Court of Appeals was later taken, the objectors,
who were the appellants, procured extra copies of the record to be
printed in excess of the number required for use in the Appellate Divi-
sion.   This was done in anticipation of a possible appeal to the Court
of Appeals.   The additional expense thus incurred amounted to $31.20,
and when the appeal to the Court of Appeals was finally taken certain
additional printing was done at a cost of $6.45.   The total cost of print-
ing thus incurred in prosecuting the two appeals exceeded by $37.65
what would have been necessarily incurred in printing the record for
the appeal to the Appellate Division.   The sum taxed represents what
it would have cost to print the record in the Court of Appeals, if it
had been printed by itself and specially for use on the appeal to that
court.

I think the motion to reduce the taxation to the smaller sum must
be granted.   The only actual disbursements made necessary by the ap-
peal to the Court of Appeals was $37.65.   The balance of the cost of
the printing was a necessary disbursement of the appeal to the Appel-
late Division, and would have been properly included in a bill of costs
upon the appeal to that court.   The Court of Appeals, however, has

not allowed the objectors their costs in the Appellate Division, but only in the Court of Appeals. A party is entitled to tax only such actual and necessary disbursements or expenses as he has made or incurred, and the bill is required to be verified by affidavit. Code Civ. Proc. § 3267. The facts in this case are not distinguishable from those in Potter & Markham v. Carpenter & Co., 56 How. Prac. 89, where the General Term allowed only the actual additional expense of printing the extra copies and the additional papers necessary for the Court of Appeals record.

It is suggested that there is a conflict between the case just cited and Consalus v. Brotherson, 54 How. Prac. 62, decided by the same General Term a few years earlier; but the facts of the two cases are different, and notwithstanding that their former decision was called to the attention of the General Term, as appears by the report, they reached the conclusion they did in the later case.

The clerk erred in overruling the objection to the item in question, and the motion for a retaxation must be granted, with $10 costs to the petitioners personally.